**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000026
29-SEP-2021
09:34 AM
Dkt. 32 OGMR**

NO. CAAP-21-0000317

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


LUISA KUHLMANN, Petitioner-Appellee, v.
JOHN TIMOTHY BURGESS, Respondent-Appellant


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-DA NOS. 21-1-0289 and 21-1-0324)


ORDER
(By:  Ginoza, Chief Judge, Wadsworth and Fujise, JJ.)

Upon consideration of the motion filed June 21, 2021, in Kuhlmann v. Burgess, CAAP-21-0000317, by self-represented Respondent-Appellant John Timothy Burgess (Burgess), the papers in support, and the record, it appears that:

(1) On January 20, 2021, Burgess filed a notice of appeal in Kuhlmann v. Burgess, No. FC-DA No. 19-1-002156, which created the appeal in CAAP-21-0000026, without the fees required by Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 3(a);

(2) On April 6, 2021, the appellate clerk entered a default of the record on appeal in CAAP-21-0000026;

(3) On May 17, 2021, Burgess filed what this court construed as a motion for leave to proceed on appeal in forma pauperis, and a request for "an expansion of time" "to file remaining documents."  Attached to the motion is a document Burgess filed in the underlying case, which he characterizes as "requesting free access to the courts as a constitutional right";

(4) On May 25, 2021, the court found that Burgess failed to submit information required by HRAP Form 4, consistent

with HRAP Rule 24(a). The court denied the request for leave to proceed on appeal *in forma pauperis* without prejudice to Burgess, within ten days from the order, either (a) filing in this case a motion for leave to proceed on appeal *in forma pauperis* that complies with HRAP Rule 24(a) and provides the information in Form 4, or (b) paying the filing fees in the full amount to the Supreme Court Clerk's Office. The court cautioned Burgess that failure to file the motion for leave to proceed on appeal *in forma pauperis* or pay the filing fees may result in the appeal being dismissed. See HRAP Rule 24(c). Further, the court denied Burgess's request for "an expansion of time" "to file remaining documents" because the requested relief was unclear;

(5) Burgess took no further action in CAAP-21-0000026 in response to the May 25, 2021 order;

(6) On June 9, 2021, the court entered an order dismissing the appeal in CAAP-21-0000026 for failure to pay the required fees or obtain a fee waiver;

(7) Meanwhile, on May 11, 2021, Burgess filed a notice of appeal in Kuhlmann v. Burgess, No. FC-DA Nos. 21-1-0289 and 21-1-0324, which created the appeal in CAAP-21-0000317, again without the filing fees required by HRAP Rule 3(a). The same day, the family court clerk notified Burgess that failure to pay the filing fees or obtain a fee waiver on or before May 21, 2021, could result in the appeal in CAAP-21-0000317 being dismissed;

(8) On June 21, 2021, Burgess filed in CAAP-21-0000317 the instant motion titled, "Case No.: CAAP-0000028, Notice of Motion: have the appeal reinstated, request forgiveness as my son is kidnapped. This is an emergency situation. IN FORMA PAUPERIS. Request Extension of Time." In the motion, Burgess states, "I did not receive a default order. I request to have the appeal reinstated." He also asserts "the constitutional rights of the people to petition the government, free of fees," and that "[d]isclosure of income and assets is not relevant to the people's constitutional rights." Attached to the motion is a completed HRAP Form 4, titled, "CAAP-0000026." In HRAP Form 4, Burgess states he is not presently employed, but he also refuses to disclose the date of his last employment and his salary and

2

wages at the time. He states that he received no income within the past twelve months, he has $500.00 in cash and accounts, he owns a duplex in Waialua, and his son is his only dependent. Also attached to the motion is a copy of the June 9, 2021 order dismissing appeal in CAAP-21-0000026;

(9) Because Burgess asks the court to "reinstate" his appeal, the appeal in CAAP-21-0000026 has been dismissed, whereas the appeal in CAAP-21-0000317 has not, the attached HRAP Form 4 references "CAAP-0000026," and attached to the motion is a copy of the June 9, 2021 dismissal order in CAAP-21-0000026, the court finds the June 21, 2021 motion was misfiled in CAAP-21-0000317 and instead should have been filed in CAAP-21-0000026, and the court construes the motion as seeking reconsideration of the June 9, 2021 order dismissing appeal, leave to proceed on appeal in forma pauperis in CAAP-21-0000026, and an extension of time;

(10) Burgess fails to demonstrate the court overlooked or misapprehended any fact or point of law in the June 9, 2021 dismissal order. See HRAP Rule 40(b). Nonetheless, in deference to Burgess's self-represented status, see Waltrip v. TS Enters., Inc., 140 Hawaiʻi 226, 239, 398 P.3d 815, 828 (2016) (requiring courts to construe pro se filings in a reasonable manner that enables them to promote access to justice), and because Hawaiʻi's appellate courts have "consistently adhered to the policy of affording litigants the opportunity to have their cases heard on the merits, where possible," Schefke v. Reliable Collection Agency, Ltd., 96 Hawaiʻi 408, 420, 32 P.3d 52, 64 (2001) (citation and quotation marks omitted), the court will grant the motion for reconsideration and reinstate the appeal in CAAP-21-0000026, and decide the remaining requests for relief in the June 21, 2021 motion;

(11) With respect to Burgess's motion for leave to proceed on appeal in forma pauperis in CAAP-21-0000026, his refusal to disclose his last employment and income prevents this court from reasonably assessing his indigence. In addition, his assertion that he received no income in the last twelve months is questionable. It is unclear how he provided basic human needs for himself and his son with $500.00 in cash and accounts but no

3

disclosed income in the preceding twelve months, no current employment, and no information about his previous employment.  In addition, Burgess's evasiveness about his income appears deliberate, as he asserted here and in the underlying case that his income and assets are irrelevant to his purported constitutional right to "petition the government."  As a result, there are significant questions concerning Burgess's asserted indigence.  In addition, Burgess's refusal to disclose information concerning his income prevents this court from determining whether payment of the filing fees would appear onerous under HRS § 602-3 (2016)[1].  See Est. Admin. Servs. LLC v. Mohulamu, 148 Hawaiʻi 10, 17-18, 466 P.3d 408, 415-16 (2020).  Thus, the court will deny the motion for leave to proceed on appeal *in forma pauperis* in CAAP-21-0000026; and

(12) With respect to Burgess's request for an extension of time, it appears Burgess seeks an extension of time to file an amended brief, but, when Burgess filed the June 21, 2021 motion, he had not filed a brief in either appeal, and there is no briefing deadline to extend.

Therefore, IT IS HEREBY ORDERED that the appellate clerk shall:

1.  Re-file in CAAP-21-0000026 the motion filed in CAAP-21-0000317 at docket 9 on June 21, 2021;

2.  Docket the motion in CAAP-21-0000026 as a motion for reconsideration; and

3.  Change the docket code for the docket 9 in CAAP-21-0000317 from "IFP" to "OT."

IT IS FURTHER ORDERED that the re-filed motion in CAAP-21-0000026 is granted in part and denied in part as follows:

1.  The motion for reconsideration is granted and the appeal is reinstated; and

---

[1]  HRS § 607-3 states:

> The judges of all the courts of the State shall have discretionary power to waive the prepayment of costs or to reduce or remit costs where, in special or extraordinary cases, the cost of any suit, action, or proceeding may, to the judges, appear onerous.

4

2. All other requested relief is denied.

IT IS FURTHER ORDERED that:

1. Within ten (10) days from the date of this order, Burgess shall pay the filing fees in CAAP-21-0000026 in the full amount to the Supreme Court Clerk. Failure to pay the filing fees may result in the appeal being dismissed. See HRAP Rule 24(c); and

2. If Burgess pays the filing fees in the full amount, then the Clerk of the Circuit Court of the First Circuit shall file the record on appeal for CAAP-21-0000026 within thirty (30) days after payment is made.

IT IS FURTHER ORDERED that the appellate clerk shall serve a copy of this order on the Clerk of the Circuit Court of the First Circuit.

DATED: Honolulu, Hawaiʻi, September 29, 2021.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Alexa D.M. Fujise
Associate Judge